09-1335-ag
Markaj v. Holder

BIA
Straus, IJ
A094 802 825

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
>        JOSEPH M. McLAUGHLIN,
>        JOSÉ A. CABRANES,
>        RICHARD C. WESLEY,
>                *Circuit Judges.*

_____

VIKTOR MARKAJ,
>        *Petitioner,*

>        v.                                     09-1335-ag
>                                               NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Fatos Koleci, Milford, Connecticut.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Daniel E. Goldman, Senior
                       Litigation Counsel; Eric W.
                       Marsteller, Trial Attorney, Office
                       of Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Viktor Markaj, a native and citizen of Serbia, seeks review of a March 2, 2009, order of the BIA affirming the April 26, 2007, decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Viktor Markaj*, No. A094 802 825 (B.I.A. Mar. 2, 2009), *aff'g* No. A094 802 825 (Immig. Ct. Hartford Apr. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. As the IJ found, Markaj omitted

during his credible fear interview and from his asylum application his claim raised at his hearing that he was harmed because he was a member of the Democratic League of Kosovo ("LDK"), stating instead that the harm he suffered was based on his engagement to a Serbian woman and his refusal to join the Kosovo Liberation Army during the 1999 war. Markaj's omission of his LDK membership as a basis for his claim of past persecution and well-founded fear of future persecution was sufficiently dramatic to undermine his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 n.3 (noting that inconsistencies and omissions are "functionally equivalent"). Furthermore, the IJ reasonably declined to credit Markaj's explanation that his answers at his credible fear interview had to be brief because he was repeatedly asked at that interview about the basis for his fear of persecution. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, Markaj's argument failed to explain the omission of this claim from his asylum application.

3

Because the IJ reasonably found Markaj not credible, the IJ did not err in relying on the absence of country conditions evidence corroborating his claim that he was targeted as an LDK member. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Furthermore, contrary to Markaj's argument, the IJ reasonably gave diminished weight to his individualized corroborating evidence, including both a medical letter and his identity documents. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Accordingly, considering the totality of the circumstances and all relevant factors, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the IJ reasonably concluded that Markaj was not credible as to his claims of past persecution and a well-founded fear of future persecution, the adverse credibility determination in this case necessarily precludes success on his claim for asylum, withholding of removal, and CAT relief, as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk